THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Social Services, Respondent,
 
 
 

v.

 
 
 
 Sarah F.,
 Anthony P., Jarvis F., Anthony F., John Doe, whose true identity is unknown,
 and two Minor Children, Defendants,
 Of whom Sarah F.
 is the Appellant.
 In the
 interest of two minor children under the age of 18.  
 
 
 

Appeal From Berkeley County
Jack A. Landis, Family Court Judge

Unpublished Opinion No. 2012-UP-275
 Submitted April 2, 2012  Filed May 2,
2012    

AFFIRMED

 
 
 
 Lester S. Schwartz, of Charleston, for
 Appellant.
 Wolfgang L. Kelly, of Moncks Corner, for
 Respondent.
 Sean F. Keefer, of Moncks Corner, for
 Guardian ad Litem.
 
 
 

PER CURIAM: Sarah
 F. (Mother) appeals the family court's termination of her parental rights to two
 of her minor children (the Children).  The family court found clear and
 convincing evidence supported termination of Mother's parental rights on the
 grounds that the Children were in foster care for fifteen of the last
 twenty-two months, Mother failed to support the Children, Mother failed to
 remedy the conditions that caused removal, and Mother has a diagnosable
 condition that was unlikely to change in a reasonable time.  Mother argues the
 family court erred in terminating her parental rights when the Department of
 Social Services (DSS) failed to prove by clear and convincing evidence the
 grounds for termination of parental rights (TPR) and that TPR was in the
 Children's best interest.  We affirm.
The grounds for TPR must be
 proven by clear and convincing evidence.  S.C. Dep't of Soc. Servs. v.
 Parker, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).  "Upon
 review, the appellate court may make its own finding from the record as to
 whether clear and convincing evidence supports the termination [of parental
 rights]."  S.C. Dep't of Soc. Servs. v. Headden, 354 S.C. 602, 609,
 582 S.E.2d 419, 423 (2003).  However, despite our broad scope of review, this
 court is not required to disregard the findings of "the family court, who
 saw and heard the witnesses, [and] was in a better position to evaluate their
 credibility and assign comparative weight to their testimony."  Id. (internal quotation marks omitted).  The family court may order TPR upon finding one or more of eleven
 statutory grounds is met and TPR is in the child's best interests.  S.C. Code Ann. § 63-7-2570 (Supp. 2011).  "[T]he
 best interests of the children are the paramount consideration."  S.C.
 Dep't of Soc. Servs. v. Smith, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct.
 App. 2000).  "The interests of the child shall
 prevail if the child's interest and the parental rights conflict."  S.C.
 Code Ann. § 63-7-2620 (2010).
Mother did provide
 intermittent material support for the Children, but the record shows Mother did
 not make any support contributions in the six-month period between March 2008
 and October 2008 or the year between February 2009 and February 2010.  During
 this time, Mother was employed and able to make some minimal contribution to
 support the Children.  Moreover, an additional statutory ground for TPR was met
 because the Children have been in foster care for fifteen of the most recent
 twenty-two months.  The record contains significant testimony, especially from
 the Children's guardian ad litem and DSS caseworker, TPR was in the Children's
 best interest.  Furthermore, the Children are together in a pre-adoptive home
 and the record shows they are thriving.  Accordingly, we agree TPR is in the
 Children's best interests.  The family court may order TPR upon finding one or
 more of eleven statutory grounds is satisfied and also finding TPR is in the
 best interest of the child.  S.C. Code Ann. § 63-7-2570 (Supp. 2011).  Based on
 the foregoing, we affirm the family court's order terminating Mother's parental
 rights.
AFFIRMED.
PIEPER, KONDUROS, and
 GEATHERS, JJ., concur.